UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CHRISTOPHER BATES,　　　　　　　　　　　　**FIRST AMENDED COMPLAINT**

　　　　　　　　　　　　　　　　　　　　　　**20 cv 7336 (KPF)**

　　　　　　　　　　　　　　　　　　　　　　**ECF Case**

　　　　　　　　　Plaintiff,

　　vs.

NEW YORK CITY POLICE OFFICERS
ROLANDO MELLA and ALEX TEGAN　　　　**JURY TRIAL DEMANDED**
in their individual and official capacities,

　　　　　　　　　Defendants.
------------------------------------------------------------x

Plaintiff Christopher Bates, by his attorney, Cyrus Joubin, complaining of the Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.　This civil rights action arises from the false arrest of Plaintiff Christopher Bates based on a false and unfounded hunch that he stole food and dishes from a housemate. Plaintiff asserts constitutional claims pursuant to 42 U.S.C. § 1983 ("Section 1983") against the individual defendants for false arrest. Plaintiff seeks compensatory and punitive damages, costs, disbursements, and attorney's fees pursuant to applicable state and federal civil rights law.

## JURISDICTION

2.　This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the Fourth Amendment to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (a)(3) and (4), this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

## VENUE

3. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in this district and Plaintiff resides in this district.

## JURY DEMAND

4. Plaintiff respectfully demands a trial by jury on each and every one of his claims as pled herein, pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

5. Plaintiff Christopher Bates is an African-American man, a citizen of the United States, and at all relevant times a resident of the City of New York, State of New York.

6. The individually named defendants – Police Officer Rolando Mella, Shield #16037 ("PO Mella"), and Police Officer Alex Tegan, Shiled # 09383 ("PO Tegan") (the "individual defendants") – are and were at all times relevant herein officers, employees and agents of the New York City Police Department ("NYPD").

7. Upon information and belief, on the date of the incident giving rise to this complaint, the individual defendants were assigned to the NYPD 33rd Precinct in Manhattan.

8. The individual defendants are sued in their individual and official capacities. At all times mentioned herein, the individual defendants acted under the color of state law, in the capacity of officers, employees, and agents of the City of New York.

## STATEMENT OF FACTS

9. On March 24, 2019, Plaintiff Christopher Bates lived in a four-bedroom apartment in upper Manhattan – 508 West 172nd Street – with several housemates.

10. Bates lived in one of the rooms. A family consisting of a mother, father, and child occupied another room. There were also tenants in the other two rooms.

11. When Bates came home on the evening of March 24, 2019, he saw that the door of his bedroom was broken and torn off the hinges.

12. When Bates asked the mother and father who lived in the apartment about why his door was broken open, they accused him of stealing their food and dishware.

13. Bates, who had done no such thing, denied stealing and left his apartment to call the police about his broken-open door.

14. Bates went outside, called the police, and eventually returned to his apartment building.

15. When he returned, Bates saw two male NYPD officers – PO Mella and PO Tegan – outside his apartment building, and he opened the door to let them inside.

16. Inside his apartment building, at the stairwell, was the mother who had accused Bates of stealing her food and dishes.

17. The mother pointed at Bates.

18. PO Mella and PO Tegan told Bates that they needed to arrest him because of the stolen food and dishes.

19. The individual defendants knew that the mother who accused Bates of stealing her food and dishes had nothing more than a baseless and irrational suspicion that Bates – an African-American man – had stolen her things.

20. Bates denied stealing and insisted that he had done nothing wrong.

21. Bates also told the officers that he had just called the police because of his broken-down bedroom door.

22. Rather than listening to Bates, rather than conducting any investigation, the individual defendants decided to arrest Bates on the basis of the mother's unfounded hunch and pointed finger.

23. PO Mella and PO Tegan proceeded to violently arrest Bates, pushing him to the ground.

24. Bates did not say or do anything suspicious or unlawful in the officers' presence.

25. The individual defendants transported Bates in handcuffs to the 33rd Precinct.

26. At the Precinct, the individual defendants searched Bates, took his property, and locked him in a holding cell.

27. After about an hour in the holding cell, a supervising officer in a white shirt unlocked the holding cell and told Bates that he was free to go.

28. The individual defendants informed the supervising officer that the mother did not observe Bates take or possess any of her property.

29. The supervising officer realized that the mother's baseless hunch did not constitute probable cause.

30. As Bates left the Precinct, PO Mella told Bates to stay out of trouble, otherwise he'd come after him.

31. As a direct and proximate cause of the said acts of the Defendants, Plaintiff suffered the following injuries and damages:

    a. Violation of his constitutional rights under the Fourth Amendment to the United States Constitution;

    b. Emotional trauma, distress, degradation, and suffering.

## SECTION 1983 CLAIMS

### False Arrest Under Section 1983

32. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

33. All of the aforementioned acts of Defendants, their agents, servants and employees, were carried out under the color of state law.

34. All of the aforementioned acts deprived Plaintiff of the rights guaranteed to citizens of the United States by the Fourth Amendment to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

35. The individual defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth Amendment of the United States Constitution.

36. By the actions described above, the individual defendants deprived Plaintiff of his federal civil rights, including his Fourth Amendment right to be secure in his person against unreasonable searches and seizures, specifically his right to be free of false arrest.

37. As detailed above, the individual defendants intentionally arrested and detained Plaintiff without probable cause, without a warrant, without privilege or consent.

38. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief jointly and severally against the Defendants:

    a. An order awarding compensatory damages for Plaintiff Christopher Bates in an amount to be determined at trial;

      b.      An order awarding punitive damages in an amount to be determined at trial;

      c.      A court order, pursuant to 42 U.S.C. § 1988, that Plaintiff is entitled to reasonable attorney's fees, costs and disbursements; and

      d.      Such other and further relief as this Court may deem appropriate.

DATED:    May 5, 2021               /s/
                New York, New York     CYRUS JOUBIN, ESQ.
                                                    43 West 43rd St., Suite 119
                                                    New York, NY 10036
                                                    (703) 851-2467
                                                    joubinlaw@gmail.com
                                                    Attorney for Christopher Bates